LACHENMEYER (MERCIER v.). See Case No. 9,455.

LACKLAND (MELVIN v.). See Case No. 9,-407.

LACKLAND (SANFORD v.). See Case No. 12,312.

LACKMEYER v. LACKMEYER. See Case No. 7,966.

## Case No. 7,968.

### The LAC LA BELLE.

[3 Biss. 313; 11 Am. Law Reg. (N. S.) 557; 16 Int. Rev. Rec. 86; 4 Chi. Leg. News, 461; 7 Am. Law Rev. 384.] [1]

District Court, E. D. Wisconsin. Aug. Term, 1872.

SHIPPING REGULATIONS — STEAM REGISTER — DEFECTIVE REGISTER—APPROVED BY INSPECTORS.

1. A vessel propelled in whole or in part by steam, having complied with the act of February 28, 1871 [1 Stat. 440], and the rules of the board of supervising inspectors, and the secretary of the treasury, by placing on board a register adopted by said board and secretary, which proved defective and insufficient, and required frequent repairs, is not liable to seizure for having in use an imperfect register.

2. By purchasing one of the registers approved by lawful authority, the requirements of the law were complied with.

This was a motion to dismiss a libel of information filed against the steamer Lac La Belle, for not being provided with a proper steam registering gauge.

Levi Hubbell, Dist. Atty., for United States.
Finches, Lynde & Miller, for respondents.

MILLER, District Judge. This libel of information brought by the district attorney charges that said steamer, having and carrying passengers on board, did navigate Lake Michigan between the port of Grand Haven, in the state of Michigan, and the port of Milwaukee, in the state of Wisconsin, in violation of the second subdivision of section eleven of the act of congress, entitled "An act to provide for the better security of life on board of vessels propelled in whole or in part by steam, and for other purposes,"—approved February 28, 1871, in this, that said steamer has not been provided with a steam registering gauge as required by the said act, and by the rules and regulations adopted and prescribed by the board of supervising inspectors under and pursuant to said act. And a penalty of five hundred dollars is claimed, and for the payment of the same the steamer has been seized.

The said second subdivision of the act (16 Stat. 444), among other things, directs that the inspectors shall satisfy themselves that there are on each steam vessel, "to indicate the pressure of steam, suitable steam registers, that will correctly record each excess of steam carried above the prescribed limit, and the highest point attained, which shall be taken wholly from the control of all persons engaged in navigating such vessel, and secured by the inspectors—provided, however, that no kind of instrument, machine, or equipment for the better security of life provided for by this act shall be used by any such vessel, which shall not first be approved by the board of supervising inspectors, and also by the secretary of

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 Am. Law Rev. 384, contains only a partial report.]

the treasury." Pursuant to this provision of the act, the board of supervising inspectors of steam vessels, and the secretary of the treasury, adopted and prescribed rules and regulations, and names of certain instruments, machines, and equipments. Rule 95—"All steam registers required by law shall not be allowed to use any card, paper, or dial for recording the pressure and its variations, which shall need renewal oftener than once in every twelve months." And among the instruments, machines, and equipments adopted is the recording steam gauge of E. H. Ashcrafts, of Boston.

The answer of claimants alleges that at and before the time of the seizure of the said steamer she had on board and in use according to the requirements of the said act of congress, a recording steam gauge or register known and distinguished as E. H. Ashcrafts', of Boston, Massachusetts, which steam register had theretofore been approved and was then approved by the board of supervising inspectors of steam vessels for the United States, and the secretary of the treasury; and respondent alleges that it has complied with the provisions of the said act of congress according to its true intent and meaning.

The Ashcrafts register was proven to be on board this steamer at the time she was seized. The seizure was made on the ground that this register was defective in its construction, and did not comply with the requirements of the act of congress, and rule 95 above quoted. The registers required by the act are to be located out of the reach of the officers of the steamboat, and in view of the passengers. They are to be under the control and subject to the examination of the inspectors. And by the rule, registers shall not be used which need renewal oftener than once in every twelve months. It is proven satisfactorily that the register in this steamer had been in use for a short time, and was found to be out of order. It was repaired by the manufacturer, and returned, and was put up again. On examination, it was found again out of order, and the register device refused to operate as required by law. The registering apparatus failed to perform its functions. The register pointer would move forward on an excess of pressure, and again on the return of the excess of pressure the pointer would move back to the point from which it started; while it should have remained at the point to which the pressure forced it in the excess of steam. The return of the pointer left no indication that there had been an excess of steam. If the difficulty was removed it would record each excess of steam up to ninety excesses, ninety times, and then it would fail to operate until re-set, or re-adjusted. This could not be done without the inspector having access to it, as the law requires the government inspector to lock the register and keep it locked, and no one else to have access to it. The ninety excesses might be made within one week's time, or even less. This register would not be sufficient to run on this steamer for twelve months without repairing, and there would be no certainty in the ordinary use of the instrument of its coming anywhere near the requirements of the law. The Ashcrafts register is generally defective in its construction, and it has not sufficient registering capacity to last twelve months. For these reasons a certificate of sufficiency of the register used on this steamer was refused by the inspector, and the vessel was seized.

It is evident to me, from an examination of the testimony, that the steamer is not in fault, and that she cannot be adjudged liable to the penalty demanded. The claimant procured at its own expense a register approved by the lawful authority, and, on its failure, it was repaired at its expense. It is a well settled principle that the citizen shall not be adjudged guilty of willful neglect of duty, or of violation of law, while faithfully submitting to the judgments or orders of officers of lawful authority. Citizens are not responsible for mistakes of government officers.

This case raises some doubts of the fulfillment of the requirements of the act of congress, by the registers accepted, but some register may be produced by the ingenuity of man that may answer the purpose of the act. Owners of steamboats are not to be required to procure at their own expense all the registers adopted by the board of supervising inspectors. They comply with the law by purchasing and trying one of the adopted registers, and they should not be mulcted in a penalty for the insufficiency of the one purchased.

The libel of information must be dismissed.